Malcolm B. Roberts (Cal. Bar # 242431)
LANDAY ROBERTS LLP
101 West Broadway, Suite 300
San Diego, California 92101
Telephone: (619) 230-5712
mroberts@landayroberts.com

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN RALPH, individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> DAN HOSSEINI d/b/a "HJ ENTERPRISES, INC.," SHANE CASEY d/b/a "D.O.S. PIZZA, INC.," NORTH COUNTY PIZZA, INC., PIZZAFELLA, LLC, PIZZA ENTERPRISES, INC., PIZZA ENTERPRISES II, INC., PIZZA ENTERPRISES III, INC., SYRIANI & SERYANI, INC., SLAMMED PIZZA, INC., SLAMMED PIZZA JR., INC. AND DOES 1-25 <br><br> Defendants. | Case No.: **'17CV1332 JM  JMA** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff John Ralph, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants together operate a chain of approximately 74 "Domino's Pizza" stores in Southern California. Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to their customers. Instead of reimbursing drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the

- 1 -

Class and Collective Action Complaint

expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and California minimum wage during some or all workweeks.

2. Plaintiff John Ralph brings this lawsuit as a collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid minimum wages owed to himself and similarly situated delivery drivers and as a class action under Cal. Lab. Code §§ 2802 & 1194, Cal. Bus. & Prof. Code § 17204, and Fed. R. Civ. P. 23 to recover unreimbursed vehicle costs, unpaid minimum wages, and disgorgement of profits on behalf of himself and all of Defendants' other delivery drivers employed within the recovery periods.

## Jurisdiction and Venue

3. The FLSA authorizes actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's claims alleging violation of the FLSA is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. The Court has jurisdiction over Plaintiff's and Class Members' claims for failure to reimburse business expenses under Cal. Lab. Code § 2802 and 28 U.S.C. § 1367 (pendent claims).

5. The Court has jurisdiction over Plaintiff's and Class Members' claim for failure to pay the California minimum wage under Cal. Lab. Code § 1194 and 28 U.S.C. § 1367 (pendent claims).

6. The Court has jurisdiction over Plaintiff's and Class Members' claims for restitution of unpaid business expenses arising from Defendants' unlawful and unfair business practices under Cal. Bus. & Prof. Code § 17204 and 28 U.S.C. § 1367 (pendent claims).

7. Venue in this District is proper under 28 U.S.C. § 1391 because some of the Defendants reside in this District, Defendants are subject to the Court's personal jurisdiction with respect to this civil action, Defendants employed Plaintiff within this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

Class and Collective Action Complaint

**Parties**

8. Based on information and belief, Defendant Dan Hosseini d/b/a "HJ Enterprises, Inc." is an individual maintaining his principal place of business in Culver City, California and operating Domino's stores within this District.

9. Based on information and belief, Defendant Shane Casey d/b/a "D.O.S. Pizza, Inc." is an individual maintaining his principal place of business within this District and operating Domino's stores within this District.

10. Defendant North County Pizza, Inc. is a Georgia corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

11. Defendant Pizzafella, LLC is a California limited liability company maintaining its principal place of business within this District and operating Domino's stores within this District.

12. Defendant Pizza Enterprises, Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

13. Defendant Pizza Enterprises II, Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

14. Defendant Pizza Enterprises III, Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

15. Defendant Syriani & Seryani, Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

16. Defendant Slammed Pizza, Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

17. Defendant Slammed Pizza Jr., Inc. is a California corporation maintaining its principal place of business within this District and operating Domino's stores within this District.

18. Defendants Does 1-25 inclusive are to be identified later through discovery as entities that, together with the other Defendants, form a single enterprise and / or constitute joint employers under the FLSA and / or California law.

19. Defendants comprise a "single integrated enterprise" or "single employer" and jointly operate a chain of approximately 74 Domino's restaurants as they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

20. Alternatively, Defendants are liable for each other's acts and omissions because they constitute joint employers as they share power to hire and fire employees, share supervision and control of employee work schedules or conditions of employment, jointly determine the rate and method of payment, and jointly maintain employment records.

21. Alternatively, because the work performed by Plaintiff and all other delivery drivers simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

22. Plaintiff John Ralph has been employed by Defendants from approximately June 2012 to present as a delivery driver at their Domino's stores and he currently works at Defendants' store located at 805 San Marcos Blvd, in San Marcos, CA, which is located within this District. Plaintiff Ralph's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached as **Exhibit 1**.

### General Allegations

*Defendants' Business*

23. During times relevant, Defendants have owned and operated as many as approximately 74 Domino's franchise stores in Southern California.

*Class and Collective Action Complaint*

24. Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

25. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

26. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

27. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per-mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

28. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

29. During the applicable California limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile between 2014 and 2017. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan vehicle ranged between $.571 and $.608 per mile between 2014 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas during the recovery period.

30. The Division of Labor Standards Enforcement ("DLSE"), the state agency authorized to enforce California's labor laws, accepts the IRS rate as the reasonable per-

Class and Collective Action Complaint

mile cost of driving a vehicle. *See* DLSE Opinion Letter No. 1994.09.14, p. 1 ("[T]he DLSE has long recognized the IRS rate for automobile reimbursement as a presumptively reasonable rate.").

31. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

32. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

33. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

34. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal and California minimum wage requirements.

35. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of their delivery drivers' automobile expenses.

Class and Collective Action Complaint

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

36. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and California minimum wage.

37. Plaintiff Ralph was paid the exact California minimum wages of $8.00 per hour until about July 1, 2014, $9.00 per hour from about July 2014 to December 2015, $10.00 per hour from about January 2016 to January 2017, and $10.50 per hour since January 2017.

38. The federal minimum wage has been $7.25 per hour since July 24, 2009.

39. Defendants' per-delivery reimbursement rate at the store where Plaintiff Ralph now works is approximately $1.16, which is fairly consistent with the reimbursement rates at Defendants' other stores.

40. Throughout his employment with Defendants, Plaintiff Ralph experienced an average round-trip delivery distance of about 5 miles.

41. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff Ralph was approximately $0.23 per mile ($1.16 per delivery / 5 miles per delivery) or less.

42. During this same time period, the lowest IRS business mileage reimbursement rate was $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the IRS rate as a reasonable approximation of Plaintiff Ralph's automobile expenses, every mile driven on the job decreased his net wages by approximately $.305 ($.535 - $.23) per mile. Considering Plaintiff Ralph's estimate of approximately 5 average miles per delivery, Defendants under-reimbursed him about $1.53 per delivery ($.305 x 5 miles) or more.

Class and Collective Action Complaint

43. During his employment by Defendants, Plaintiff Ralph typically averaged approximately 2.5 deliveries per hour.

44. Thus, comparing Defendants' reimbursement rate to the IRS rate, Plaintiff Ralph consistently "kicked back" to Defendants approximately $3.81 per hour ($1.53 per delivery x 2.5 deliveries per hour), for an effective hourly wage rate of about:

    a. $4.19 ($8.00 per hour - $3.81 kickback) in 2013;

    b. $5.19 ($9.00 per hour - $3.81 kickback) in 2014 and 2015;

    c. $6.19 ($10.00 per hour - $3.81 kickback) in 2016; and

    d. $6.69 ($10.50 per hour - $3.81 kickback) in 2017.

45. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Ralph. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the California minimum wage before deducting unreimbursed business expenses.

46. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the California minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

47. While the amount of Defendants' actual reimbursements per delivery may vary somewhat over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

48. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

*Class and Collective Action Complaint*

49. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

**Collective Action Allegations**

50. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

51. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

52. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

53. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:
   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;
   b. They have delivered pizzas and food items using automobiles not owned or maintained by Defendants;
   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;
   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;
   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;
   f. They were subject to the same pay policies and practices of Defendants;
   g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically

Class and Collective Action Complaint

deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid at or near the California minimum wage before deducting unreimbursed business expenses.

## Class Action Allegations

54. Plaintiff brings Counts II through IV as a class action under Fed. R. Civ. P. 23, on behalf of himself and as the Representative of the following persons (the "Class"):

All current and former delivery drivers employed by Defendants in the State of California since the date four years preceding the filing of this Complaint.

55. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

56. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action under Fed. R. Civ. P. 23.

57. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

58. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

b. Whether Defendants failed to pay Class members the minimum wage required by California law, and

Class and Collective Action Complaint

c. Whether Defendants' formula and/or methodology used to calculate payment of reimbursement for vehicle expenses resulted in under-reimbursement of Class members.

59. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

60. Plaintiff's claims are typical of those of the Class in that:

   a. Plaintiff and the Class have worked as delivery drivers for Defendants' delivering pizza and other food items to Defendants' customers;
   b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;
   c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;
   d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;
   e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;
   f. Plaintiff and the Class were subject to the same pay policies of Defendants;
   g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;
   h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and
   i. Plaintiff and the Class were paid at or near the California minimum wage before deducting unreimbursed business expenses.

Class and Collective Action Complaint

61. A class action is clearly the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

62. Plaintiff is an adequate representative because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

63. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

64. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

65. Plaintiff reasserts and re-alleges the allegations set forth above.

66. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

67. Defendants are subject to the FLSA's minimum wage requirements because they are enterprises engaged in interstate commerce, and their employees are engaged in commerce.

Class and Collective Action Complaint

68. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

69. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

70. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

71. As alleged herein, Defendants have, and continue to, uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

72. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

73. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

74. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

75. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within the later of three years from the date each Plaintiff joins this case or the date that Defendants became the employers of each Plaintiff, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

*Class and Collective Action Complaint*

76. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

77. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of California Labor Code § 2802

78. Plaintiff reasserts and re-alleges the allegations set forth above.

79. Labor Code § 2802(a) expressly provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…." *Id.*

80. At all relevant times herein, Defendants, by virtue of their mileage reimbursement policies and practices, failed to indemnify Plaintiff and the Class appropriately for all necessary automobile expenses that Plaintiff and the Class incurred while performing work for Defendants.

*Class and Collective Action Complaint*

81. Plaintiff and the Class incurred significant and substantial out-of-pocket losses because of Defendants' failure to reimburse Plaintiff and the Class appropriately for all necessary automobile expenses that Plaintiff and the Class incurred while performing work for Defendants. To date, Defendants have failed to indemnify Plaintiff and the Class for these out-of-pocket losses.

82. Under Labor Code § 2802(c), Plaintiff and the Class are entitled to recover all reasonable costs, including attorneys' fees, incurred in enforcing their rights granted by Labor Code § 2802.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) indemnification to Plaintiff and the Class for necessary expenditures or losses they incurred in the direct consequence of the discharge of their duties for Defendants; (2) attorneys' fees and costs as allowed by Section 2802(c) of the Labor Code; (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

## Count III: Violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, and IWC Minimum Wage Order and Wage Order No. 5

83. Plaintiff reasserts and re-alleges the allegations set forth above.

84. Pursuant to Labor Code §§ 1194, 1194.2, 1197, and 1197.1, it is unlawful for an employer to permit a California employee to work without paying wages at the proper minimum wage for all time worked, as required by the applicable IWC Minimum Wage Order and Wage Order No. 5.

85. At all relevant times herein, Plaintiff and the Class nominally performed work for at or near the California minimum wage.

86. At all relevant times herein, Defendants continually failed to reimburse Plaintiff and the Class for all necessary, automobile expenses that Plaintiff and the Class incurred while performing work for Defendants, causing the total hourly compensation paid to Plaintiff and the Class continually to fall below the state minimum wage.

*Class and Collective Action Complaint*

87. At all relevant times herein, under the provisions of the IWC Wage Orders, Plaintiff and the Class should have received not less than the minimum wage in a sum according to proof for the time worked but not compensated.

88. For all time that Plaintiff and the Class worked and received less than the state minimum wage, they are entitled to no less than the state minimum wage, and pursuant to Labor Code § 1194.2(a), liquidated damages in an amount equal to the unpaid minimum wage and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class are also entitled to their attorneys' fees, costs, and interest according to proof.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) payment of minimum wage in an amount according to proof; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 1194.2(a) of the Labor Code; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count IV: Violation of California Business & Professions Code § 17200, et seq.**

89. Plaintiff reasserts and re-alleges the allegations set forth above.

90. Defendants' violations of the California Labor Code and regulations, including their failure and refusal to indemnify Plaintiff and the Class appropriately for necessary automobile expenses they incurred and Defendants' failure to pay minimum wages to Plaintiff and the Class constitute unfair business practices in violation of California Business & Professions Code § 17200, et seq.

91. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class, and the public. Defendants' should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff and the Class.

92. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge and restore to Plaintiff and the Class the compensation and reimbursement unlawfully withheld from them.

*Class and Collective Action Complaint*

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) disgorgement of profits garnered as a result of Defendants' unlawful failure to indemnify necessary, automobile expenses and pay minimum wages and other compensation earned; (2) restitution under Business & Professions Code § 17200, et seq.; (3) permanent injunctive and declaratory relief under § 17200, et seq.; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: June 29, 2017                    Respectfully submitted,

**PAUL LLP**                            **LANDAY ROBERTS LLP**
*/s/ Richard M. Paul III*               */s/ Malcolm B. Roberts*
Richard M. Paul III (MO Bar #44233)     John K. Landay (Cal. Bar # 257573)
(*pro hac vice* forthcoming)            Malcolm B. Roberts
601 Walnut Street, Suite 300            (Cal. Bar # 242431)
Kansas City, Missouri 64106             101 West Broadway, Suite 300
Telephone: (816) 984-8100               San Diego, CA 92101
Facsimile: (816) 984-8101               (619) 230-5712
Rick@PaulLLP.com                        jlanday@landayroberts.com
                                        mroberts@landayroberts.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

## ATTORNEYS FOR PLAINTIFF

- 17 -

Class and Collective Action Complaint