# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RALPH,<br><br>                      Plaintiff,<br>v.<br><br>HAJ, INC.; D.O.S. PIZZA, INC.; NORTH COUNTY PIZZA, INC.; PIZZAFELLA, LLC.; SLAMMED PIZZA, INC.; and SLAMMED PIZZA JR., INC.,<br><br>                      Defendants. | CASE NO. 17cv1332 JM(JMA)<br><br>ORDER PROVISIONALLY GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION; STAYING ACTION |

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 et seq., Defendant D. O. S. Pizza, Inc. ("DOS") moves to compel arbitration of Plaintiff John Ralph's claims. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court provisionally grants the motion to compel arbitration of the state law claims, defers ruling on the motion to compel arbitration of the Fair Labor Standard Act ("FLSA") claim, and stays the entire action pending resolution of Morris v. Ernst & Young, 834 F.3d 975 (9th Cir. 2017), cert. granted, 137 S.Ct. 809 (2017). All other pending motions (ECF 21, 39, and 42) are denied as moot. The parties are also instructed to inform the court of the Supreme Court's decision in Morris within seven days of issuance of the opinion.

## BACKGROUND

On July 31, 2017, Plaintiff John Ralph filed the First Amended Complaint ("FAC") in this federal question collective action by alleging four claims for relief: (1) violation of the FLSA; (2) violation of Cal. Labor Code §2802; (3) violation of Cal. Labor Code §§1194, 1194.2, 1197, 1197.1, and IWC Minimum Wage Order and Wage Order No. 5; and (4) Cal. Bus & Prof Code §17200 et seq. Even though Plaintiff is directly employed DOS, he alleges that Defendants, collectively, operate about 74 Domino's Pizza stores in Southern California, and operate as a single integrated enterprise and jointly operate the Domino's restaurants "as they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control." (FAC ¶17).

At the heart of Plaintiff's claims is the allegation that Defendants' delivery reimbursements policy fails to compensate employees for their out-of-pocket expenses and fails "to reimburse [] delivery drivers at any approximation of the cost of owning and operating their vehicles for Defendants' benefit." (FAC ¶30). One result of this allegedly failed policy is that Defendants "willfully fail to pay the federal minimum wage to their delivery drivers." (TAC ¶47).

During Plaintiff's employment, the parties signed an "Alternative Dispute Resolution Agreement" (the "ADR Agreement"), which provides:

> "This ADR Agreement shall apply to any claim or dispute arising out of or relating to the employment relationship or its termination including, but not limited to, claims of . . . violation of statute, non-payment of wages, and all other similar claims."

(Petrosian Decl. Ex. A.). The ADR Agreement also contains a class and collective action waiver:

> … the Arbitrator shall not consolidate or combine the resolution of any claim or dispute between the two Parties to this ADR Agreement with the resolution of any claim by any other party or parties, including but not limited to any other employee of the Company. Nor shall the Arbitrator have the authority to certify a class under Federal Rule of Civil Procedure Rule 23, analogous state rules, or Arbitrator's rules pertaining to class arbitration, and the Arbitrator shall not decide claims on behalf of any other party or parties.

Doc. No. 37-1, Ex. A at 2. The ADR Agreement further provides that "The Parties wish to resolve any disputes between them in an individualized, informal, timely, and inexpensive manner to eliminate, to the maximum extent possible, any resort to litigation in a court of law." Id. Regarding arbitrability, the agreement provides that "The Arbitrator selected by the Parties shall be solely responsible for resolving any disputes over the interpretation or application of this Arbitration Agreement." Id. at 1.

Pending before the court are several motions: Defendant North County Pizza, Inc.'s motion for a more definite statement; Defendant Haj, Inc.'s motion to dismiss; and Plaintiff's motion to amend. As the court provisionally grants Defendants' Motion to Compel Arbitration of the state law claims, it does not reach the merits of these motions.

## DISCUSSION

**The Arbitration Provision**

The Federal Arbitration Act ("FAA") provides that

> a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.

9 U.S.C. §2. The FAA establishes federal policy favoring arbitration of disputes. AT&T Mobility LLC v. Concepcion, 563 U.S. 339 (2011). Federal courts are required to "rigorously" enforce the parties agreement to arbitrate. Sherson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987). Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

> [W]here a contract contains an arbitration clause, there is a presumption of arbitrability in a sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

A.T.&T. Tech. Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) (citations omitted).

The FAA creates "a body of federal substantive law of arbitrability," enforceable in both state and federal courts and preempting any state laws or policies to the contrary. Moses H. Cone, 460 U.S. at 24. "The availability and validity of defenses against arbitration are therefore to be governed by application of federal standards." Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (9th Cir. 1988). This body of federal law also requires that federal courts apply state law, "whether of legislative or judicial origin [] if that law arose to govern issues concerning the validity, revocability and enforceability of contracts generally." Perry v. Thomas, 482 U.S. 483, 493, fn. 9 (1987). Thus, state law applies to interpret arbitration agreements as long as those state laws are generally applicable to all contracts, and not just agreements to arbitrate.

Here, there is no serious dispute that Plaintiff's claims arise out of or relate to his employment with DOS, as all claims are based upon the alleged violation of federal and state labor codes. The arbitration provision is sufficiently clear and broad enough to encompass Plaintiff's claims. All of Plaintiff's state law claims, except the FLSA claim, discussed separately below, are subject to arbitration.

In opposition, Plaintiff contends that he is "unsophisticated" and, therefore, the arbitration provision is not enforceable. Plaintiff's argument lacks factual and legal support. The FAC and Plaintiff's declaration establish that he has worked for DOS as a delivery driver for about four years, graduated from high school, and completed one year of junior college. Further, Plaintiff fails to establish that he suffers from a disability or other condition which would undermine his capacity to enter into an agreement. Plaintiff also fails to establish his legal argument that being "unsophisticated" is somehow a defense to arbitration. Under California law, the unconscionability doctrine provides a defense to arbitration. See Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519 (1997). However, Plaintiff does not argue that California's

unconscionability doctrine applies under the circumstances nor does he provide an appropriate analysis.

In sum, the court provisionally grants the motion to compel arbitration of all state law claims, but not the FLSA claim.

**The FLSA Claim**

After Morris, the parties dispute whether a FLSA claim is subject to arbitration. Based upon the recent Ninth Circuit decision in Morris, 834 F.3d 975, Plaintiff argues that his FLSA claim is not subject to arbitration.[1] Defendants, in turn, urge this court to find "that the class action waiver in the ADR Agreement is severable, order Plaintiff's individual claims to arbitration, and either stay the rest of this action [the FLSA claim] or refer the collective claims to a referee." (Reply at p.4:7-9).

In Morris, employees of Ernst & Young sought to bring a collective action alleging the violation of federal and state labor laws. As the parties had executed arbitration provisions with class action waivers, the district court compelled arbitration of plaintiffs' claims. The Ninth Circuit concluded, based upon the National Labor Relations Act ("NLRA"), 29 U.S.C. §§151 et seq., and the FLSA, that the statutory concerted action provisions afford employees substantive rights that cannot be waived by a class or concerted action waiver provision in an arbitration agreement. In essence, the Ninth Circuit concluded that the ability of an injured employee to bring a concerted action is part and parcel of a FLSA claim. As noted by the dissent in Morris, the opinion is at odds with the Second, Fifth, and Eighth Circuits, which hold that the NLRA and FLSA do not invalidate collective action waivers in arbitration agreements.

In sum, the court concludes that resolution of the issues on appeal in Morris will directly impact the course of this litigation. Accordingly, the court defers ruling on the arbitrability of the FLSA claim until after the Supreme Court issues its opinion in Morris.

---

[1] To the extent the court compels arbitration, Plaintiff urges the court to stay, rather than dismiss, this action. (Oppo. at p.7:10).

**The Order to Stay the Action**

In light of the Supreme Court's grant of <u>certiorari</u>, the court stays this entire action. While a stay is an extraordinary remedy, see <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936), a short stay is presently warranted as the Supreme Court is likely to determine whether FLSA claims are subject to arbitration. The court rejects Defendants' suggestion to compel arbitration of the state law claims and stay the FLSA claim, or refer the FLSA claim to a "referee" pursuant to Cal. Code Civ. Pro. §638(a). To hear a portion of Plaintiff's claim in this court, or before a referee, and the remainder of Plaintiff's claims before an arbitrator, duplicates the litigation, undermines the perceived efficiencies to arbitration, and runs counter to Fed.R.Civ.P. 1, which seeks the fair, just, and inexpensive resolution of every action.

In sum, the court provisionally grants the motion to compel arbitration of Plaintiff's state law claims, defers ruling on the motion to compel arbitration of the FLSA claim pending resolution of the <u>Morris</u> case, and stays the entire action.

**IT IS SO ORDERED.**

DATED: November 13, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:      All parties