# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RALPH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HAJ, INC.; D.O.S. PIZZA, INC.; NORTH COUNTY PIZZA, INC.; PIZZAFELLA, LLC.; SLAMMED PIZZA, INC.; and SLAMMED PIZZA JR., INC.,<br><br>　　　　　　　　Defendants. | CASE NO. 17cv1332 JM(JMA)<br><br>ORDER DENYING MOTION TO LIFT STAY; DENYING MOTION TO ENJOIN STATE COURT ACTION |

Pursuant to the All Writs Act, 28 U.S.C. §1651, and the Anti-Suit Injunction Act, 28 U.S.C. §1651, Defendants D. O. S. Pizza, Inc. ("DOS") and HAJ, Inc. ("HAJ") move to temporarily lift the stay imposed in this case and to enjoin a related action filed by Plaintiff John Ralph in the Los Angeles Superior Court (the "State Court Action"). Plaintiff opposes the action. Defendants DOS and HAJ did not file a reply brief to Plaintiff's opposition. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to lift the stay and denies the motion to enjoin the State Court Action.

/ / /

/ / /

# BACKGROUND

**The First Amended Complaint**

On July 31, 2017, Plaintiff John Ralph filed the First Amended Complaint ("FAC") in this federal question collective action by alleging four claims for relief: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206(a); (2) violation of Cal. Labor Code §2802; (3) violation of Cal. Labor Code §§1194, 1194.2, 1197, 1197.1, and IWC Minimum Wage Order and Wage Order No. 5; and (4) Cal. Bus & Prof Code §17200 et seq. Even though Plaintiff is directly employed by DOS, he alleges that Defendants, collectively, operate about 74 Domino's Pizza stores in Southern California, and operate as a single integrated enterprise and jointly operate the Domino's restaurants "as they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control." (FAC ¶17).

At the heart of Plaintiff's claims is the allegation that Defendants' delivery reimbursement policy fails to compensate employees for their out-of-pocket expenses and fails "to reimburse [] delivery drivers at any approximation of the cost of owning and operating their vehicles for Defendants' benefit." (FAC ¶30). One result of this allegedly failed policy is that Defendants "willfully fail to pay the federal minimum wage to their delivery drivers." (TAC ¶47).

During Plaintiff's employment, the parties signed an "Alternative Dispute Resolution Agreement" (the "ADR Agreement"), which provides:

> "This ADR Agreement shall apply to any claim or dispute arising out of or relating to the employment relationship or its termination including, but not limited to, claims of . . . violation of statute, non-payment of wages, and all other similar claims."

(Petrosian Decl. Ex. A.). The ADR Agreement also contains a class and collective action waiver:

> … the Arbitrator shall not consolidate or combine the resolution of any claim or dispute between the two Parties to this ADR Agreement with the resolution of any claim by any other party or parties, including but not limited to any other employee of the Company. Nor shall the Arbitrator

> have the authority to certify a class under Federal Rule of Civil Procedure Rule 23, analogous state rules, or Arbitrator's rules pertaining to class arbitration, and the Arbitrator shall not decide claims on behalf of any other party or parties.

Doc. No. 37-1, Ex. A at 2. The ADR Agreement further provides that "The Parties wish to resolve any disputes between them in an individualized, informal, timely, and inexpensive manner to eliminate, to the maximum extent possible, any resort to litigation in a court of law." Id. Regarding arbitrability, the agreement provides that "The Arbitrator selected by the Parties shall be solely responsible for resolving any disputes over the interpretation or application of this Arbitration Agreement." Id. at 1.

**Procedural Posture**

On November 13, 2017, the court granted Defendants' motion to compel arbitration of the state claims, and stayed ruling on the FLSA claim pending resolution of an action pending before the Supreme Court, Morris v. Ernst & Young, 834 F.3d 975 (9th Cir. 2017), cert. granted, 137 S.Ct. 809 (2017). After the Supreme Court determined that FLSA claims are subject to arbitration, on May 31, 2018, the court compelled arbitration of the FLSA claim.

On July 5, 2018, Defendants Slammed Pizza, Inc., Slammed Pizza Jr., Inc., and Plaintiff reached a negotiated settlement and filed a joint motion for dismissal. Defendants DOS and Haj opposed the settlement, arguing that the settling parties were required to comply with the good faith settlement procedures of Cal. Civ. Pro. §877(a). The court declined to entertain a motion for good faith settlement, noting, among other things, that the court lacked the authority to entertain "a matter uniquely before the arbitrator." (ECF 60 at p.2:1).

On September 7, 2018, Plaintiff commenced the State Court Action against moving Defendants, and others, entitled Ralph v. D. O. S. Pizza, Inc., et al., No. BC 720158. On September 24, 2018, Defendants DOS, Haj, and North County Pizza, Inc. filed a Notice of Related Case in this action. The Defendants asserted that the State Court Action involved some of the same parties and similar claims that were subject

to arbitration. (ECF 63).

**DISCUSSION**

The court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In broad brush, a court may lift a stay of litigation when the reasons for imposing the stay no longer exist. The following non-exhaustive factors are instructive in determining whether a stay should be granted or lifted: (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other interested parties; and (4) whether the public interest supports a stay. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (listing factors governing the issuance of a stay). Other factors pertinent to lifting a stay include the present status of the litigation, whether the non-moving party would be unduly prejudiced or tactically disadvantaged, and whether the movant is acting in good faith.

According to moving Defendants, in order to prevent Plaintiff from "circumventing" this court's orders compelling arbitration of all of Plaintiff's claims, (Mtn. at p.1:6), the "Court should grant this motion to enjoin the Los Angeles Class Action pending the outcome of the arbitration ordered by this Court. . . ." (Mtn. at p.9:19-20). Defendants argue that Plaintiff contravened this court's orders and is engaging in "a classic example of forum-shopping," (Mtn. at p.7:9-10), by commencing the State Court Action and, therefore, the State Court Action must be enjoined to enforce this court's prior orders. Unfortunately, Defendants' arguments omit material information.

Pursuant to the arbitration provision in the parties' employment contract, this court compelled arbitration of all state and federal claims. Plaintiff complied with this court's orders, bringing all claims before the arbitrator, including the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2698 et seq., claims. (Plaintiff's Exh. 1).

However, Defendants absolutely refused to arbitrate the PAGA claims. (Plaintiff's Exh. 2). Pursuant to the parties' Alternative Dispute Resolution Agreement, the Arbitrator Harvey Berger concluded that he did not have the authority to entertain a PAGA representative action without the stipulation of the parties. (Plaintiff's Exh. 5). As Defendants expressly and repeatedly refused to arbitrate the PAGA claims, contrary to their earlier claims to this court in its motion to compel arbitration that all claims were subject to arbitration, ECF 37, Plaintiffs commenced the State Court Action seeking relief from the alleged harm cause by Defendants.[1]

Here, Defendants fail to raise sufficient grounds to lift the stay. The purpose of the Federal Arbitration Act ("FAA") is to allow parties to avoid the expense and delays of litigation and to place arbitration agreements on the same footing as other contracts. See Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974). Instead of using the FAA as a means to obtain the speedy, just, and inexpensive determination of Plaintiff's claims, see Fed.R.Civ.P. 1, Defendants seek to use the FAA as a dagger to extinguish the PAGA claims by depriving Plaintiff of any competent forum to address Plaintiff's claims. The court does not condone Defendants' efforts to duplicate this proceeding, delay resolution of Plaintiff's claims, and increase the costs to all parties. Moreover, the court will not sanction a legal strategy designed to deprive a party from accessing competent forums for resolving legal disputes. Under these circumstances, Defendants fail to establish any cause for lifting the stay in order to enjoin the State Court Action from proceeding.

/ / /

---

[1] As noted by Plaintiff, PAGA claims brought by an employee are not subject to arbitration because the employee is acting in an individual capacity "as an agent or representative of the state." Christman v. Apple Am. Grp. II, LLC, 2017 Cal.App. Unpub. LEXIS 6866, at *11 n. 5 (Cal.App.2nd Dist. Oct. 4, 2017); see First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ("Within the context of the FAA, courts resolving disputes regarding whether the parties agreed to arbitrate a certain matter ordinarily employ state law principles regarding the formation of contracts" and reasoning that "under California law, the agreement does not subsume Christman's PAGA claim.")); Arias v. Superior Court, 46 Cal4th 969, 986-87(2009) (a PAGA action is a representative action brought on behalf of the State of California).

In sum, the court denies the motion to lift the stay and denies the motion to enjoin the State Court Action.

**IT IS SO ORDERED.**

DATED: January 24, 2019

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties