UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RALPH,<br><br>         Plaintiff,<br><br>HAJ, INC., et al.,<br><br>         Defendants. | Case No.: 17cv1332 JM(LL)<br><br>**ORDER ON: (1) PLAINTIFF'S CORRECTED MOTION TO REOPEN CASE AND CONFIRM ARBITRATION AWARD; AND (2) DEFENDANT D.O.S. PIZZA INC'S MOTION TO VACATE OR MODIFY FINAL ARBITRATION AWARD** |

  Presently before the court is Plaintiff John Ralph's Corrected Motion to Reopen Case and Confirm Arbitration Awards (Doc. No. 88), and Defendant D.O.S. Pizza Inc.'s ("D.O.S. Pizza" or "Defendant") Motion to Vacate or Modify Final Arbitration Award, (Doc. No. 96). The motions have been fully briefed and the court finds them suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's motion is **granted** and Defendant's cross- motion is **denied**.

**I. Background**

  On June 19, 2017, Plaintiff filed suit in this court alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), California Labor Code sections 2802 and 1194, and California Business and Professions Code section 17204, to recover

1

allegedly unreimbursed vehicle costs and unpaid minimum wages. (Doc. No. 1 at ¶ 2.) On May 31, 2018, this court compelled the claims to arbitration. (Doc. No. 51.)

Between November 12-14, 2019, the parties attended an arbitration hearing before arbitrator Harvey C. Berger. (Doc. No. 88-2 at 3.) Both parties were represented by counsel and submitted comprehensive post-hearing briefs regarding the merits of the claims, damages, fees and costs. (Doc. Nos. 88 – 4 – 86-7.[1]) The parties jointly requested an Interim Award be issued. The arbitrator issued a Revised Interim Award[2] on May 5, 2020. (Doc. No. 88-1.) The arbitrator's final award ruled that Plaintiff was entitled to $6,941.41 in unreimbursed business expenses under California Labor Code section 2802; $6,941.41 in liquidated damages under California Labor Code section 1194; $1,538.67 interest on unpaid expense reimbursement; and $2,198.30 interest on liquidated damages; for a total award of $17,619.79. (Doc. No. 88-2 at 16.) The arbitrator also awarded Plaintiff's counsel fees totaling $275,973.24 and awarded costs of $9,753.06. (*Id*. at 29.)

On September 15, 2020, Plaintiff filed a Corrected Motion to Reopen Case and Confirm Arbitration Award, (Do. No. 88.) The motion had a noticed hearing date of October 19, 2020.

On October 5, 2020, Defendants filed a one-page response to the motion, seeking "an opportunity to review and comment on any proposed order" and that the action be dismissed with prejudice as to Defendant D.O.S. Pizza, Inc. on the grounds that "the governing arbitration agreement contains a binding class action waiver, and there remain no other claims alleged against" it. (Doc. No. 89 at 2.) Asserting Plaintiff waived any

---

[1] Plaintiff's exhibits include two post-hearing rely briefs rather than the post-hearing brief and a post-hearing reply brief indicated on the docket. (*Compare* Doc. No. 88-4 *with* Doc. No. 88-6.)

[2] The Revised Interim Report was drafted due to a typographical error. After D.O.S. Pizza objected to the Revised Interim Award, the parties were asked to brief procedural and mathematical errors in the Interim Award. (Doc. No. 88-1 at 3.)

claims against them by failing to pursue any joint employers claims in arbitration, Defendants HAJ, Inc. and North County Pizza, Inc., sought dismissal of the first amended complaint. (*Id*.)

On October 6, 2020, Plaintiff filed a reply which stated "[t]he parties agree that this case should be reopened to confirm the arbitration award. Further, they agree that, after confirmation, the action should be dismissed with prejudice." (Doc. No. 90 at 1.) Plaintiff also sought fees for his counsel's efforts to obtain confirmation. (*Id*. at 2.)

On October 8, 2020, Defendants filed an Addendum to Defense Response to Plaintiff's Request to Reopen Case and Confirm Arbitration Award. (Doc. No. 91.) This response was filed without leave of court. The addendum "request[ed] the court set dates for briefing on modifying and/or vacating the award that is in line with the statutory deadlines." (*Id* at 2.) Defendants' addendum overlooked the fact that by setting a hearing date, a briefing schedule was already set, and also failed to demonstrate good cause.

On October 8, 2020, Plaintiff filed an Objection to Defendants' Sur-Reply on the grounds that it was filed after the close of briefing. (Doc. No. 92.)

In light of these circumstances, the court vacated the October 19, 2020, hearing date and issued a briefing schedule giving Defendants until October 23, 2020 to file an opposition and Plaintiff until October 30, 2020 to file a reply. The court cautioned Defendants that the response "must show GOOD CAUSE why the court should not rely on the Arbitrator's Award as originally agreed by Defendants." (Doc. No. 93.)

On October 30, 2020, Defendants filed Notice of Motion to Vacate or Modify Arbitration Award. (Doc. No. 96.) The notice stated that Defendant D.O.S. Pizza was moving to vacate or modify the award on the grounds that the arbitrator "exceeded his powers and/or manifestly disregarded the law by creating a new cause of action for failure to pay minimum wages based solely on a theory of under reimbursement of business

expenses."[3] Separately, Defendant D.O.S filed a Memorandum of Points and Authorities in Support of Motion to Vacate or Modify Arbitration Award, and collectively all Defendants also "responded" a to Plaintiff's Motion to Confirm Award.[4] (Doc. No. 97.)

On November 2, 2020, Plaintiff filed his Reply in Support of Motion to Reopen Case and Confirm Arbitration Award and in Opposition to Defendants' Motion to Vacate or Modify Arbitration Award. (Doc. No. 98.)

On November 23, 2020, Defendant D.O.S Pizza filed its reply. (Doc. No. 100.)

## II. Legal Standards

"[T]he F[ederal A[rbitration] A[ct] provides no authorization for a merits review" of an arbitration award. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). Thus, judicial review of an award is "'both limited and highly deferential' and the arbitration award 'may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *Comedy Club, Inc. v. Improv. W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *see also Aspic Eng'g & Const. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) ([The Ninth Circuit has] held that arbitrators 'exceed their powers' when the award is 'completely irrational' or exhibits a 'manifest disregard of the law.'"). Under the Federal Arbitration Act ("FAA"), a court must confirm an arbitration award unless it finds specific grounds to vacate, modify, or correct it. 9 U.S.C. §§9-11; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the FAA." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166.

---

[3] Attached to the motion were 319 pages of exhibits. (*See* Doc. No. 96-1 at 4-323.)

[4] The court questions the necessity of Defendant needing to file its own motion as opposed to simply responding in opposition to the motion filed by Plaintiff.

Under section 10(a)(4) of the FAA, a district court may vacate an arbitration award "where the arbitrators exceeded their powers." This can occur either when arbitrators express a "manifest disregard of law," or "when they issue an award that is 'completely irrational.'" *Bosack v. Soward,* 586 F.3d 1096, 1104 (9th Cir. 2009) (quoting *Comedy Club,* 553 F.3d at 1290). "[M]anifest disregard … requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Id.* (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007)). Rather, "[t]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it. *Id.* (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)). Similarly, an arbitration award is considered to be "completely irrational" when it "fails to draw its essence from the agreement." *Comedy Club*, 553 F.3d at 1288. "An award 'draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Bosack*, 586 F.3d at 1106 (quoting *McGrann v. First Albany Corp.*, 424 F.3d 743, 749 (8th Cir. 2005)). Under this standard of review, the court decides "only whether the arbitrator's decision draws its essence from the contract, not the rightness or wrongness of the arbitrator's contract interpretation." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166. (citation and internal quotation marks omitted).

Additionally, 9 U.S.C. § 11(b) provides that a district court may modify or correct an arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." This provision permits courts to "strike all or a portion of an award pertaining to an issue not at all subject to arbitration." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003). However, the scope of this review is still "extremely limited," "designed to preserve due process but not to permit unnecessary public intrusion into private arbitration process." *Id.* at 998.

///

5

17cv1332 JM(LL)

### III. Discussion

#### a. Confirmation of Award under Section 10 of the FAA

Plaintiff contends that Defendant cannot show any of the narrow grounds provided for vacating the award under section 10 of the FAA. (Doc. No. 88 at 6; Doc. No 98 at 3- 6.) He argues that the arbitrator was acting within his authority when interpreting the contract and deciding the California Labor Code and California Business and Professions Code claims in his favor.

Defendant D.O.S. Pizza argues the arbitrator exceeded his authority and/or manifestly disregarded the law in finding in favor of Plaintiff on the claim for alleged failure to pay minimum wages. (Doc. No. 97 at 7-8.) Defendant asserts that Plaintiff's vehicle reimbursement claim entitles him to recover his unreimbursed expenses under California Labor Code section 2802 but does not entitle him to liquidated damages under California's minimum wage law. (*Id*. at 8-15, 16-19.) Further, it argues that because the arbitrator acknowledged California law but disregarded it in favor of reasoning applicable to FLSA claims, he manifestly disregarded the law. (*Id*. at 15.)[5]

In discussing the minimum wage claim, the arbitrator wrote:

> Claimant argues that because Claimant was a minimum wage worker, unreimbursed business expenses should be considered a minimum wage violation, primarily citing scores of federal cases under the FLSA. Respondent strenuously disagrees, and points out that California has a different construct than other states under the FLSA. Respondent's argument is that in California, Labor Code 2802 is unique, and provides the sole remedy for non-reimbursed business expenses, while the FLSA has no such protection. Of interest, there is no published California state case on the issue, and no mention of this theory in any DLSE Opinions or in its manual. In fact, neither the Arbitrator, nor any of the *scores* of California employment attorneys the Arbitrator asked about this theory since it was first raised by

---

[5] Noticeably absent from Defendants' briefing is any attempt to address the court's admonition that they "show good cause why the court should not rely on the Arbitrator's Award as originally agreed by Defendants." (Doc. No. 93.)

> Claimant's counsel in this case (needless to say, only discussing the theory and not the facts of the case or the names of the parties), had ever even heard of the possibility of bringing a minimum wage claim due to unreimbursed expenses in California. Given the different construct in California, the out of state FLSA cases offer little guidance, other than the logic that if a minimum wage worker is asked to bear the business expense of the employer, it takes away the bare minimum wage required by law.

Doc. No 88-2 at 12-13. The arbitrator then proceeded to discuss an unpublished California Court of Appeal case, *DeRosa v. California Unemployed Insurance Appeals Board*, No. F0444247, 2005 WL 3877622, (Feb. 17, 2005). He acknowledged that although an unpublished decision is not binding, courts may follow the analysis of such decisions. And it is the analysis that he focused on, finding its "logic sound" and reasoning "beyond reproach." (*Id.*) Specifically, he pointed to the court's conclusion that:

> there is no legal difference between deducting a cost directly from the worker's wages and shifting a cost for the employee to bear; employer may not deduct from employee wages the cost of facilities which primarily benefit the employer if such deductions drive wages below the minimum wage; this rule cannot be avoided by simply requiring employees to make such purchases on their own, either in advance of or during the employment. [*De Rosa*, 2005 Cal. App. Unpub. LEXIS 1460, at * 32-41 & ftnt. 9. (quoting *Arriaga v. Florida Pac. Farms,* LLC, 305 F.3d 1228, 1336 (11th Cir. 2002))]

Doc. No. 88-2 at 13. Next, the arbitrator recognized that although there is no direct parallel in the FLSA to Labor Code section 2802, "there is certainly a virtually identical parallel to the inviolate principal to the minimum wage." (*Id*.)

The arbitrator then proceeded to discuss *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12–CV–05445–LHK, 2013 WL 1942166 (N.D. Cal. May 8, 2013) where a federal district court rejected an employer's argument that because a claim under California Labor Code section 2802 was intended as the sole remedy for recovery of unreimbursed business expenses, there could be no claim for a minimum wage violation based on unreimbursed job expenses. (*Id*. at 14.) He quoted two specific paragraphs from *Sanchez*:

> "…the California Legislature "intend[ed] to protect the minimum wage rights of California employees to a greater extent than federally…." (cite) Moreover, intuitively, it makes sense that the Legislature would intend to

> afford employees protection in these circumstances. An employee who has ostensibly been paid the minimum wage but has been required to make an expenditure which reduces the employee's net income below the minimum wage is, in essence, in the same position as an employee who was paid less than the minimum wage at the outset. Both have been required to satisfy their living expenses with less than the minimum wage. In light of these factors, the Court believes that Sections 1194, 1194.2, 1197 and 1197.1 should be construed as permitting a cause of action where an employee has been required to bear expenses which effectively cause the employee's wages to fall below the minimum wage. [*Sanchez*, 2013 U.S. Dist. LEXIS 66571 at * 30-31.]
>
> An employer who causes an employee to bear expenses which reduce the employee's net pay below the minimum wage has committed two wrongs. First, the employer has not reimbursed the employee for expenses as required by Section 2802. Second, the employer has caused the employee to have to satisfy the employee's living expenses with less than the minimum wage. Notably, different penalties apply where an employer is alleged to have committed the later wrong. …. Accordingly, the availability of a cause of action for reimbursed expenses under Section 2802 does not persuade the Court that the Legislature did not also intend that employers would be liable under the minimum wage laws where the employer also caused the employee to bear expenses which cause the employee's net wages to fall below the minimum wage law. *Id*. at *31-32.

Doc. No. 88-2 at 14. The arbitrator concluded "[d]espite the 'surprising' nature of the theory advocated by Claimant, the logic of these cases is sound and irrefutable. Liquidated damages under Labor code 1194.2 are awarded in the amount of $6,941.41." (*Id.*)

As set forth above, manifest disregard requires more than a merely incorrect application of law, it requires that the record demonstrate an intentional disregard of it. In other words, "the moving party must show that the arbitrator 'understood and correctly stated the law and then ignored it." Defendant attempts to suggest that the arbitrator did this by "shrugg[ing] off" *Southern California Pizza Co., LLC v. Certain Underwriters at Lloyd's*, 225 Cal. Rptr. 3d 635, (2019), a published California Court of Appeal case that, in its opinion, "reinforces that *Sanchez* and *DeRosa* are inconsistent with" *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 572 (2007). (Doc. No. 97 at 19.) But the

only evidence of the arbitrator's alleged manifest disregard of *Southern California Pizza* and *Gattuso* is Defendant's repeated citations to them in its briefs, and the arbitrator's failure to explicitly discuss these two cases in his order.  The Defendant's dislike of the arbitrator's decision to openly discuss *DeRosa* and *Sanchez* is clearly evidenced by its labelling of these two cases as "stray caselaw", *see* Doc. No. 97 at 19, even though *Sanchez* has been cited by subsequent district courts certifying classes on similar wage theories.  This court does not find the arbitrator's analysis amounts to manifest disregard of the law under the FAA.

To the contrary, it is apparent from the record that the arbitrator attempted to thoughtfully consider and apply the case law.  He consulted scores of employment attorneys and, finding "no published California state case on the issue, and no mention of this theory in any DLSE Opinions or in its manual," applied what he determined was the reasoned logic of two cases he determined to be most on point.  Assuming *Southern California Pizza* and *Gattuso* are both applicable to the instant case, it is entirely possible that the arbitrator read both cases, and his understanding of the cases was simply incorrect.  Alternatively, the arbitrator could have read and understood both cases, and concluded that they were distinguishable from the case before him.  And even if the arbitrator reached the wrong legal conclusion, legal error does not constitute "manifest disregard." *Biller*, 668 F.3d at 665, *Luong v. Circuit City Stores Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004) ("manifest disregard for the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law.").

Moreover, the arbitrator's failure to explain how Plaintiff's unreimbursed costs necessarily violate the minimum wage carries no weight.  Whether findings are supported by the evidence in the record is beyond the scope of this court's review.  As the Ninth Circuit has explained:

> [a]rbitrators are not required to set forth their reasoning supporting an award. An arbitrators' 'award may be made without explanation of their reasons and without a complete record of their proceedings[.]" "If they choose not to do

>   so, it is all but impossible to determine whether they acted with manifest disregard for the law."

*Bosack*, 586 F.3d at 1104 (quoting *Wilko v. Swan*, 346 U.S. 427, 469 (1953) and *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)).  Therefore, this court has "no authority to re-weigh the evidence" presented to the arbitrator. *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003).

From the record before it, nothing suggests to this court that the arbitrator recognized the applicable law and ignored it.  Therefore, the court need not reach the issue of whether the arbitrator's underlying decision was correct.

**b. Award of Attorney's Fees**

Plaintiff maintains that he is entitled to recover his fees and costs incurred in obtaining confirmation of the arbitration award. (Doc. No. 88 at 6-7.)   Defendant objects to the request, claiming that Plaintiff's fee claim is improper, unsupported, and should be denied or reduced.  (Doc. No. 100 at 6-7.)

The court begins by addressing Defendant's contention that it has not been given the opportunity to brief the matter of fees.  The court finds this assertion to be disingenuous. The question of fees related to the confirmation of the arbitration award was raised by Plaintiff in his opening brief (filed on September 15, 2020), his reply brief (filed on October 6, 2020) and in the opposition brief (filed on November 2, 2020).  Because of Defendant's failure to abide by the briefing schedule set by the court, Defendant had an opportunity to address the fee request in its opposition (filed on October 20, 2020), and its reply (filed on November 23, 2020).  The fact that it chose not to do so was a tactical decision made at its own risk.

"[T]here is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts.").  *See Menke v. Monchecourt,* 17 F.3d 1007, 1009 (7th Cir.1994).  Federal courts may award attorneys' fees if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the opposing party "has acted in bad

faith, vexatiously, wantonly, or for oppressive reasons." *See U.S. v. Standard Oil Co. of Cal.,* 603 F.2d 100 (9th Cir.1979) (internal quotations and citations omitted). *See also Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir.1983) (in case involving award of fees because of party's failure to abide by arbitrator's award, stating that, "[u]nder the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys'fees").

Here, Plaintiff claims his statutory authorization to fees is provided by the substantive law underlying the FAA arbitration, specifically the FLSA and California Labor Code provisions 2802(c) and 1194(a), which expressly allow for mandatory fee shifting. The governing FLSA statute, 29 U.S.C. § 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Similarly, under Labor Code section 2802: "[a]n employer shall indemnify his or her employee …" and "the term necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee." CAL. LAB. CODE. § 2802(b),(c). Thus, because there is no real dispute that Plaintiff is entitled to recover attorney's fees based on the affirmation of the Final Award, the court does not think that further briefing on the matter would be beneficial. *See Ashton v. PJ La., Inc.*, Civil Action No. 19-901, 2020 WL 1068161, at * 2 (W.D. La., Mar. 2, 2020) (finding successful plaintiff in FLSA suit legally entitled to recover her attorney's fees incurred in the confirmation of the arbitration award) (collecting cases).

In support of the request, Plaintiff's counsel, Mark Potashnick, submitted a declaration and chart detailing the time spent in preparing the briefings currently before the court. (Doc. No. 98-1, 98-2.) All told, Mr. Potashnick seeks $10, 925.00[6] in fees for 19

---

[6] The billing record indicates $10,925.00, whereas the motion references $11,215.50. Without documentary support for the higher amount, the court finds the $10,925 to be the more reliable sum.

hours work at a rate of $575 an hour. The billing rate was reduced from Mr. Potashnick's usual rate of $650 an hour to $575. (*See* 88-2 at 21.) A separate declaration was also filed by Richard M. Paul attesting to the work he performed on the motions currently before the court. (Doc. No. 98-3.) Based on the evidence provided, the court finds Plaintiff's fee calculation, including the rates and the amount of work performed, reasonable under the circumstances. Accordingly, the court awards Plaintiff $10,925.00 in attorney's fees.

Finally, the court addresses Plaintiff's assertion that he is entitled to costs pursuant to Federal Rule of Civil Procedure 54(d). (Doc. No. 88 at 6.) Having not received any explanation as to what those costs are, the court cannot ascertain whether they are reasonable or compensable under the rule. Accordingly, Plaintiff shall file a bill of costs with the Clerk of Court consistent with Rule 54(d) and the Civil Local Rules of this court.

## IV. Conclusion

For the reasons set forth above, the court hereby **GRANTS** Plaintiff's corrected motion to reopen case and confirm arbitration awards (Doc. No. 88), and **DENIES** Defendant's cross-motion to vacate or modify arbitration award (Doc. No. 96).

There being no remaining matters in dispute, it is FURTHER ORDERED that Plaintiff's claims are **DISMISSED** with **PREDUDICE**.

The Clerk of Court shall **CLOSE** this **CASE**.

IT IS SO ORDERED.

Dated: March 26, 2021

Hon. Jeffrey T. Miller
United States District Judge